UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID STEELE,

    *Plaintiff*,

v.

U.S. DEPARTMENT OF DEFENSE et al.,

    *Defendants*.

Civil Action No. 22-3604 (CJN)

## **ANSWER**

Defendants Department of Defense ("Department") and Defense Counterintelligence and Security Agency ("Agency"), by and through the undersigned counsel, respectfully respond as follows to the separately numbered paragraphs and prayer for relief in Plaintiff David Steele's Second Amended Complaint, ECF No. 15, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the Second Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action. For ease of reference, this Answer replicates the headings contained in the Second Amended Complaint. Although Defendants believe that such headings require no response, to the extent a response is deemed required and those headings and titles could be construed to contain factual allegations, those allegations are denied.

1.	This paragraph consists of Plaintiff's characterization of this action, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

2.	Defendants admit that on June 10, 2022, Plaintiff submitted a request for records, aver that this request is the best evidence of its contents, respectfully direct the Court to the request for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. As to Plaintiff's reference to the Statement of Reasons, Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. Defendants deny that Plaintiff's Statement of Reasons contained a list of underlying documents. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his motive for filing the request.

3.	Defendants deny that they failed to respond to the request. The remaining allegations in this paragraph consist of legal conclusions, which require no response. To the extent a response is required, denied.

4.	This paragraph consists of Plaintiff's characterization of this action, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## PARTIES

5.	Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.	Defendants deny that the Department and Agency are headquartered in Washington, DC, aver that both are headquartered in Virginia, and deny that the Agency was formerly known

as DODCAF. The remaining allegations in this paragraph consist of legal conclusions, which require no response. To the extent a response is required, Defendants admit that they possess some records pertaining to Plaintiff, but lack knowledge or information sufficient to form a belief as to whether they possess all or any of the records that Plaintiff seeks.

## JURISDICTION AND VENUE

7. This paragraph consists of legal conclusions, which require no response.

## LEGAL FRAMEWORK GOVERNING THE ADJUDICATION OF SECURITY CLEARANCE APPLICATIONS

8. This paragraph consists of legal conclusions, which require no response.

9. This paragraph and the accompanying footnotes consist of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Executive Order 13,467. Defendants aver that this Executive Order is the best evidence of its contents, respectfully direct the Court to the Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. The remaining allegations in this paragraph and accompanying footnotes do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Executive Order 13,467. Defendants aver that this Executive Order is the best evidence of its contents, respectfully direct the Court to the Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

11. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Executive Order 13,467. Defendants aver that this Executive Order is the best evidence of its contents, respectfully direct the Court to the

Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

12. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Executive Order 13,467. Defendants aver that this Executive Order is the best evidence of its contents, respectfully direct the Court to the Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

13. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Executive Order 13,467. Defendants aver that this Executive Order is the best evidence of its contents, respectfully direct the Court to the Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

14. This paragraph consists of purported excerpts from Executive Order 13,467. Defendants aver that this Executive Order is the best evidence of its contents, respectfully direct the Court to the Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

15. This paragraph consists of legal conclusions, which require no response, as well as purported characterizations of Executive Order 13,467. Defendants aver that this Executive Order is the best evidence of its contents, respectfully direct the Court to the Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

16. This paragraph consists of legal conclusions, which require no response, as well as purported characterizations of Executive Order 13,467. Defendants aver that this Executive Order

is the best evidence of its contents, respectfully direct the Court to the Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

17. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Executive Order 13,467. Defendants aver that this Executive Order is the best evidence of its contents, respectfully direct the Court to the Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

18. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Security Executive Agent Directive ("SEAD") 4. Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

19. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of SEAD 4. Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

20. This paragraph consists of legal conclusions, which require no response, as well as purported characterizations of SEAD 4. Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

21. This paragraph consists of legal conclusions, which require no response, as well as purported characterizations of SEAD 4. Defendants aver that this document is the best evidence

of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

22. This paragraph and accompanying footnotes consist of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Executive Orders 10,450 and 9,835. Defendants aver that these Executive Orders are the best evidence of their contents, respectfully direct the Court to the Executive Orders for complete and accurate statements of their contents, and deny any allegations inconsistent therewith. The remaining allegations in this paragraph and accompanying footnotes do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Executive Orders 10,865 and 12,968. Defendants aver that these Executive Orders are the best evidence of their contents, respectfully direct the Court to the Executive Orders for complete and accurate statements of their contents, and deny any allegations inconsistent therewith.

24. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Executive Order 12,968. Defendants aver that this Executive Order is the best evidence of its contents, respectfully direct the Court to the Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

25. This paragraph consists of legal conclusions, which require no response, as well as purported characterizations of SEAD 4. Defendants aver that this document is the best evidence

of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

26. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of SEAD 4. Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

27. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of SEAD 4. Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

28. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Executive Order 12,968. Defendants aver that this Executive Order is the best evidence of its contents, respectfully direct the Court to the Executive Order for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

29. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of SEAD 4 and Executive Orders 12,968 and 13,467. Defendants aver that these materials are the best evidence of their contents, respectfully direct the Court to these materials for complete and accurate statements of their contents, and deny any allegations inconsistent therewith.

**Documents Produced By the Defendant Supporting Executive Order 12968, 13467, and SEAD as Controlling Administrative Process**

30. This paragraph consists of legal conclusions, which require no response, as well as purported characterizations of Department of Defense Directive 5220.06 and Department of

Defense Manual 5200.02. Defendants aver that these materials are the best evidence of their contents, respectfully direct the Court to these materials for complete and accurate statements of their contents, and deny any allegations inconsistent therewith.

31. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Manual 5200.02. Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

32. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of Manual 5200.02. Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

33. This paragraph and the accompanying footnote consist of legal conclusions, which require no response, as well as purported excerpts from and characterizations of a document that accompanied Plaintiff's Statement of Reasons. Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

34. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of a document that accompanied Plaintiff's Statement of Reasons. Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

35. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of an unspecified document. Defendants aver that

this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

36.     This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of an unspecified document. Defendants aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

37.     This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

## LEGAL FRAMEWORK FOR THE FOIA AND PRIVACY ACT

38.     This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of a statute. Defendants aver that this statute is the best evidence of its contents, respectfully direct the Court to the statute for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

39.     This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of a statute. Defendants aver that this statute is the best evidence of its contents, respectfully direct the Court to the statute for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. To the extent a response is required, denied.

40.     This paragraph consists of legal conclusions, which require no response, as well as purported characterizations of a statute. Defendants aver that this statute is the best evidence of its contents, respectfully direct the Court to the statute for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. To the extent a response is required, denied.

41. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

42. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of a statute. Defendants aver that this statute is the best evidence of its contents, respectfully direct the Court to the statute for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

43. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

44. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

45. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of a statute. Defendants aver that this statute is the best evidence of its contents, respectfully direct the Court to the statute for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

46. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

47. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of a statute and Plaintiff's request. Defendants aver that these materials are the best evidence of their contents, respectfully direct the Court to these materials for complete and accurate statements of their contents, and deny any allegations inconsistent therewith.

48. This paragraph consists of legal conclusions, which require no response, as well as purported characterizations of a statute. Defendants aver that this statute is the best evidence of its

contents, respectfully direct the Court to the statute for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. To the extent a response is required, denied.

49. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of a statute. Defendants aver that this statute is the best evidence of its contents, respectfully direct the Court to the statute for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith

50. This paragraph consists of legal conclusions, which require no response, as well as purported excerpts from and characterizations of a statute. Defendants aver that this statute is the best evidence of its contents, respectfully direct the Court to the statute for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

51. This paragraph consists of legal conclusions, which require no response, as well as purported characterizations of a statute. Defendants aver that this statute is the best evidence of its contents, respectfully direct the Court to the statute for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. To the extent a response is required, denied.

## FACTS

52. Defendants deny that Plaintiff applied for a security clearance, and aver that individuals are unable to apply for security clearances. Rather, individuals must be nominated and sponsored by their cleared employer based on the individual's current need for access to classified information.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

54. Admitted, except that Defendants deny that Exhibit C pertains to the allegations in this paragraph.

55. Defendants admit that they issued a Statement of Reasons, aver that this document is the best evidence of its contents, respectfully direct the Court to the document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

56. Defendants admit that on June 10, 2022, Plaintiff sent the Agency a letter, aver that this letter is the best evidence of its contents, respectfully direct the Court to the letter for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. Defendants admit that Plaintiff requested an extension of time to respond to the Statement of Reasons, and that the Agency granted this request.

57. Defendants admit that on June 13, 2022, Plaintiff sent the Agency a letter, aver that this letter is the best evidence of its contents, respectfully direct the Court to the letter for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith. Defendants deny that Exhibit E pertains to the allegations in this paragraph.

58. Admitted, except that Defendants deny that Exhibit F pertains to the allegations in this paragraph.

59. Admitted, except that Defendants deny that Exhibit G pertains to the allegations in this paragraph.

60. Admitted, except that Defendants deny that Exhibit H pertains to the allegations in this paragraph.

61. Defendants admit that on August 12, 2022, Plaintiff requested an extension of time to October 20, 2022, to respond to the Statement of Reasons. Otherwise, denied. Defendants deny that Exhibit I pertains to the allegations in this paragraph.

62. Admitted, except that Defendants deny that Exhibit J pertains to the allegations in this paragraph.

63. Admitted, except that Defendants deny that Exhibit K pertains to the allegations in this paragraph.

64. Admitted, except that Defendants deny that Exhibit L pertains to the allegations in this paragraph.

65. Defendants admit that on September 14, 2022, Plaintiff requested an extension of time to October 21, 2022, to respond to the Statement of Reasons. Otherwise, denied. Defendants deny that Exhibit M pertains to the allegations in this paragraph.

66. Admitted, except that Defendants deny that Exhibit N pertains to the allegations in this paragraph.

67. Admitted, except that Defendants deny that Exhibit O pertains to the allegations in this paragraph.

68. Admitted, except that Defendants deny that Exhibit P pertains to the allegations in this paragraph.

69. Defendants admit that on October 14, 2022, Plaintiff requested an extension of time to November 21, 2022, to respond to the Statement of Reasons. Otherwise, denied. Defendants deny that Exhibit Q pertains to the allegations in this paragraph.

70. Admitted, except that Defendants deny that Exhibit R pertains to the allegations in this paragraph.

71. Admitted, except that Defendants deny that Exhibit S pertains to the allegations in this paragraph.

72. Admitted, except that Defendants deny that Exhibit T pertains to the allegations in this paragraph.

73. Admitted, except that Defendants deny that Exhibit U pertains to the allegations in this paragraph.

74. Admitted, except that Defendants deny that Exhibit V pertains to the allegations in this paragraph.

75. Defendants admit that on November 14, 2022, Plaintiff requested an extension of time to December 21, 2022, to respond to the Statement of Reasons. Otherwise, denied. Defendants deny that Exhibit W pertains to the allegations in this paragraph.

76. Admit.

　　a. Admit.

　　b. Admit.

　　c. Defendants admit that on November 18, 2022, the Agency granted an extension until November 26, 2022. Otherwise, denied.

　　d. Admit.

　　e. Defendants deny that the extension request was denied, and aver that the response date was extended until December 1, 2022. Otherwise, denied.

77. This paragraph consists of legal conclusions and Plaintiff's stated purpose for seeking the records at issue, which require no response.

78. This paragraph consists of legal conclusions, which requires no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

79. Defendants admit that they provided a response to Plaintiff's request. The remainder of the allegations in this paragraph consist of legal conclusions, which require no response. To the extent a response is required, denied.

80. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

## COUNT I
### (Violation of the Privacy Act, 5 U.S.C. §552a )

81. Defendants reallege and incorporate as if fully set forth herein their responses to paragraphs 1 through 80.

82. Defendants admit that Plaintiff is an individual. The remainder of this paragraph consists of Plaintiff's purported characterization of his request. Defendants aver that this request is the best evidence of its contents, respectfully direct the Court to the request for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

83. This paragraph consists of legal conclusions, which require no response.

84. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

85. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

86. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

87. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

88. This paragraph consists of Plaintiff's characterization of the relief requested, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## COUNT II
### (Violation of the Freedom of Information Act-5 U.S.C. §552)

89. Defendants reallege and incorporate as if fully set forth herein their responses to paragraphs 1 through 88.

90. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

91. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

92. This paragraph consists of legal conclusions, which require no response. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

93. This paragraph consists of Plaintiff's characterization of the relief requested, which requires no response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## PRAYER FOR RELIEF

The remaining paragraph and sub-paragraphs consist of Plaintiff's prayer for relief, which require no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

\*   \*   \*

In further response to the Second Amended Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement

the defenses in this Answer as the facts and circumstances giving rise to the Second Amended Complaint become known to Defendants throughout the course of this litigation.

### First Defense

Plaintiff has failed to exhaust administrative remedies.

### Second Defense

Plaintiff's request fails to reasonably describe the records sought.

### Third Defense

Defendants conducted an adequate search for records responsive to the requests.

### Fourth Defense

Plaintiff is not entitled to production of records protected from disclosure by (1) one or more applicable FOIA exemptions the release of which foreseeably would harm an interest that the exemption protects, or which are protected from disclosure by one or more applicable exclusions, and (2) one or more applicable Privacy Act exemptions or exclusions.

### Fifth Defense

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### Sixth Defense

The Court lacks subject matter jurisdiction over this action to the extent that any requested relief exceeds the relief authorized by the FOIA or Privacy Act.

### Seventh Defense

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

*   *   *

Dated: March 31, 2023  Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481051
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  /s/
BRADLEY SILVERMAN
D.C. Bar #1531664
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2575
bradley.silverman@usdoj.gov

*Attorneys for the United States*