UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID STEELE<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>　　　　Defendants. | Civil Action No. 22-3604 (CJN) |

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY**

Defendants Department of Defense and Defense Counterintelligence and Security Agency, by and through undersigned counsel, respectfully reply in support of their motion for leave to file a surreply in opposition to Plaintiff David Steele's motion for summary judgment, ECF No. 35.

**ARGUMENT**

At the threshold, Steele's argument that Local Civil Rule 7(d) required Defendants to move for leave to file a surreply within seven days is frivolous. By its plain terms, Local Civil Rule 7(d) applies only to replies, not to surreplies. And even putting that aside and assuming Local Civil Rule 7(d) applies to surreplies, it does not apply to motions for leave to file surreplies. Steele's confusion of Local Civil Rule 7(d) mirrors his incorrect observations of the security clearance process in his reply that made filing a surreply necessary and reflects a pattern—along with his prior misunderstanding of the security clearance process at an earlier stage of litigation, *see* Order, ECF No. 13; Defs.' Mot. at 3—of misciting the law to obtain favorable outcomes.

Regardless, while Steele's opposition embarks on a host of irrelevant tangents and asides, he fails to undermine the basic premise of Defendants' motion—i.e., the fact that his reply raised "new factual allegations of substantial import." *Hoskins v. Napolitano*, 842 F. Supp. 2d 8, 12 n.1

(D.D.C. 2012). In his reply, he argued for the first time that Defendants' declarant, Joy F. Greene, made representations about the security clearance adjudication process that are inconsistent with other representations that she has provided in different cases. This is a new and inaccurate factual allegation that Defendants did not previously have an opportunity to address. Steele insists that "it was easily foreseeable that [he] would review previous declarations made by the Defendants and use any inconsistencies to illustrate deficiencies in the Defendants' search," Resp. at 3, ECF No. 36, but this was not in fact reasonably foreseeable, as those declarations addressed a different security clearance adjudication process than the process at issue here. Those declarations addressed the process that governs federal civilian and military personnel, while this case involves a separate process that governs the employees of a private contractor. *See* Mot. at 2-3; *see generally* Prop. Surreply, ECF No. 35-1. Defendants reasonably did not foresee that Steele would invoke irrelevant declarations filed in other cases to misrepresent the adjudication process that governs himself.

## CONCLUSION

This Court should grant Defendants leave to file a surreply.

Dated: August 15, 2024            Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:   */s/ Bradley G. Silverman*
      BRADLEY G. SILVERMAN
      D.C. Bar #1531664
      Assistant United States Attorney
      601 D Street NW
      Washington, DC 20530
      (202) 252-2575
      bradley.silverman@usdoj.gov

*Attorneys for the United States of America*