UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID STEELE<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>    Defendants. | Civil Action No. 22-3604 (CJN) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Department of Defense and Defense Counterintelligence and Security Agency, by and through undersigned counsel, respectfully notify this Court of two recent decisions of other judges in this District that bear on Plaintiff David Steele's claims in this case.

First, in *Bierly v. Department of Defense*, Civ. A. No. 23-2386 (RCL), 2024 WL 4227154, at *14 (D.D.C. Sept. 18, 2024), the district court rejected a challenge to the Department of Defense and Defense Counterintelligence and Security Agency ("Agency")'s withholding of an "OGC [i.e., Office of General Counsel] Referral Form" under Exemption 5 of the Freedom of Information Act ("FOIA") based on the attorney-client privilege. Although the Court determined that the plaintiff failed to exhaust his administrative remedies with respect to the withheld information, it explained that "[e]ven if [the plaintiff] had exhausted his administrative remedies," it "would have sided with the defendants, at least as to their claimed FOIA exemption." *Id.* *14 n.13. The attorney-client privilege applied, the Court determined, as "the document in question is an interagency document containing confidential communications between general counsel and [an Agency] adjudicator related to legal matters for which they sought professional advice." *Id.* (cleaned up). For the same reasons, Defendants properly withheld, under Exemption 5 based on the attorney-client privilege,

a legal memorandum regarding the determination of Plaintiff's ineligibility for access to classified information. *See* Defs.' Mem. at 15-21, ECF No. 25-1; Defs.' Reply at 12-14, ECF No. 30.

Second, in *Deryck v. Department of Defense*, Civ. A. No. 22-3290 (TNM), 2024 WL 4253102, at *7 (D.D.C. Sept. 20, 2024), the Court concluded "that security clearance revocation proceedings are [ ] 'quasi-judicial hearings' subject to Privacy Act Exemption (d)(5)." The Court explained that such proceedings "are materially identical to the Merit Systems Protection Board proceedings that *Martin* [*v. Office of Special Counsel*, 819 F.2d 1181, 1188 (D.C. Cir. 1987)] declared 'quasi-judicial.'" *Id.* In such proceedings, the Court explained, a person " (1) has a 'right to a hearing and the opportunity to cross-examine' adverse witnesses," (2) "may 'present evidence' on his behalf, or hire an attorney to do so," and (3) "may lodge evidentiary objections and seek limited discovery." *Id.* (quoting and citing Dep't of Def., Dir. 5220.6, *Defense Industrial Personnel Security Clearance Review Program* 43, §§ E3.1.10-.11) (Jan. 2, 1992)). "As in *Martin*," the court explained, "the presence of these factors shows that revocation proceedings are adversarial." *Id.* (quotation marks omitted). For this reason, Defendants properly withheld the legal memorandum discussed above under Exemption (d)(5). *See* Defs.' Mem. at 38-39; Defs.' Reply at 14-19.

| | |
|---|---|
| Dated: October 8, 2024 | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By:    */s/ Bradley G. Silverman*<br>       BRADLEY G. SILVERMAN, D.C. Bar #1531664<br>       Assistant United States Attorney<br>       601 D Street NW<br>       Washington, DC 20530<br>       (202) 252-2575<br><br>*Attorneys for the United States of America* |